**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CEARCER NGWA CHE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1803-KC** |
| | § | |
| **FIELD OFFICER DIR., USCIS, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On July 6, 2026, the Court ordered Respondents to either release Ngwa Che from custody or to file a brief disputing his entitlement to relief, by July 9. July 6, 2026, Order 2–3, ECF No. 3.

On July 9, Respondents filed a Response, ECF No. 5, informing the Court that Ngwa Che was provided a bond hearing that day and was denied bond on the basis of flight risk. *Id.* at 4. Specifically, the IJ found Ngwa Che was a flight risk due to the "[m]anner of [his] entry" and that he had been "[o]rdered [r]emoved." *Id.* Ex. A ("IJ Order"), ECF No. 5-1. Finding that no matters remained to be resolved, the Court closed the case. *See* Final J., ECF No. 7.

Ngwa Che has now filed a Motion to Enforce Judgment ("Motion"), ECF No. 9. He argues that Respondents did not comply with the Court's Order because the IJ's reliance on Ngwa Che's manner of entry and non-final-removal-order in making a flight risk determination was not individualized. *Id.* at 1–2. Instead, he believes the IJ should have considered his four years of reporting as well as his home and sponsor. *See id.*

This Court, however, lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801

F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, Ngwa Che was provided with a bond hearing on July 9, and there is no indication that the IJ failed to make factual findings or conduct an individualized determination. The fact that many immigration detainees enter the country without admission and appeal their removal orders does not mean that considering Ngwa Che's manner of entry and the fact that he was ordered removed by an IJ is not an individualized determination as to Ngwa Che. *See* Mot. 2. To the extent Ngwa Che disagrees with the IJ's determination, he may file an appeal with the Board of Immigration Appeals or request a custody redetermination. Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding. *See Lopez-Arevelo*, 801 F. Supp. 3d at 678–79.

Accordingly, the Court **ORDERS** that the Motion, ECF No. 9, is **DENIED**.

The case shall remain closed.

**SO ORDERED**.

**SIGNED this 29th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE